RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0404a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JAMES R. HUSVAR, SIDNEY B. GUTZWILLER, ROBERT V. CARUSO, and RONALD W. BARNETT, individually and as the representatives of the plaintiff class,

*Plaintiffs-Appellants,*

v.

MICHEL RAPOPORT, WILLIAM A. MARQUARD, THOMAS R. WALL, and ROBERT A. YOUNG III,
*Defendants-Appellees.*

No. 01-4254

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 01-00430—Sandra S. Beckwith, Chief District Judge.

Argued: May 7, 2003

Decided and Filed: October 3, 2005

Before: BOGGS, Chief Judge; GUY and DAUGHTREY, Circuit Judges.

_____

COUNSEL

**ARGUED:** Robert A. Steinberg, WAITE, SCHNEIDER, BAYLESS & CHESLEY, Cincinnati, Ohio, for Appellants. Robert E. Zimet, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, New York, New York, for Appellees. **ON BRIEF:** Robert A. Steinberg, WAITE, SCHNEIDER, BAYLESS & CHESLEY, Cincinnati, Ohio, Richard S. Wayne, STRAUSS & TROY, Cincinnati, Ohio, for Appellants. Robert E. Zimet, Susan L. Saltzstein, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, New York, New York, for Appellees.

_____

AMENDED OPINION
_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. The plaintiffs, all of whom are shareholders and former employees of Mosler, Inc., brought this class action in Ohio state court against the company itself and against four members of the Mosler board of directors, seeking recompense for the diminution in value of company stock that, in part, was used to fund employee retirement plans. Although the plaintiffs couch their causes of action in terms of direct and derivative claims for breach of fiduciary duty under state law, the district court concluded that the



1

complaint and amended complaint filed by the plaintiffs actually implicated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, and thus was properly removable to federal court. Ultimately, however, the district court dismissed the action in its entirety on motion of the defendants, based not on ERISA but on a finding that the plaintiffs lacked standing to bring a derivative action because the nominal defendant, Mosler, was involved in bankruptcy proceedings.

On appeal, the plaintiffs contend that the district court erred in denying their motion to remand the action to state court and thus had no jurisdiction to enter an order of dismissal on the merits. For the reasons set out below, we agree that the district court lacked jurisdiction over what appear to be solely state-law claims. We therefore find it necessary to reverse the district court's judgment, vacate the order of the district court denying the plaintiffs' motion to remand, and remand the case to the district court with directions to remand this matter to the Ohio state court for resolution of the plaintiffs' claims.

## FACTUAL AND PROCEDURAL BACKGROUND

As non-union employees of Mosler, Inc., the plaintiffs received shares of company stock in conjunction with their participation in an employee stock option plan (ESOP). As alleged in the amended complaint filed in this matter, "Mosler's ESOP is a defined contribution stock bonus plan for which all salaried non-union employees are eligible. Mosler has funded the ESOP primarily with its own common and preferred stock."

According to the plaintiffs, the company's fortunes, under the direction of defendants Michel Rapoport, William A. Marquard, Thomas R. Wall, and Robert A. Young, III, spiraled downward dramatically. Regardless of that negative trend, however, Rapoport continued to receive substantial performance bonuses and additional stock issuances authorized by the board of directors. The remaining defendants also benefitted from various bonuses and fees, while the value of the common and preferred stock distributed to the named plaintiffs and other putative class members tumbled at least 80 percent.

Faced with the prospect of complete dissolution of their retirement funds due to the perceived mismanagement of the company by the defendants, the plaintiffs originally filed a class action suit in Ohio state court claiming that those defendants breached their fiduciary responsibilities to the employees and caused a "drastic reduction in the value of Mosler's stock and the resultant destruction of most of Mosler's employees' retirement funds." The complaint contained both a direct common law claim for relief that alleged financial injury to the class members "[a]s a proximate result of these breaches of fiduciary duty," and a derivative common law claim, alleging damage and injury to the company and to the shareholders as a result of those same breaches.

The defendants subsequently sought removal of the litigation to federal district court. In so doing, they recognized that the complaint did not "on its face contain a federal question." Nevertheless, they argued that the ESOP was an ERISA-covered plan and that the complaint's perceived allegations of improper management of that plan resulted in the complete federal preemption of all matters relating to that entity. Claiming that the plaintiffs failed to exhaust administrative remedies and failed to comply with requirements for filing derivative actions, the defendants also moved to dismiss the complaint "for failure to state a claim upon which relief may be granted."

In response to the attempt to terminate the litigation, the plaintiffs then filed both an amended complaint in district court and a motion to remand the matter to state court. In the amended complaint, they attempted to remove any indications that the action was brought pursuant to ERISA. Instead, the plaintiffs sought payment only for "the value of the stock lost" as a result of defendants' actions, not "the value of all benefits lost," as prayed for in the original complaint. The district court

nevertheless denied the motion to remand, ruling that, despite the artful crafting of the language of the complaint, "Plaintiffs seek to recover the loss of value of the retirement savings that was occasioned by the individual Defendants' mismanagement of the corporation and the ESOP." According to the district judge, such a prayer can be asserted only by participants of the employee benefit plan and is governed preemptively by ERISA, thus vesting the federal courts with jurisdiction over the dispute.

During the pendency of that motion, Mosler, Inc., filed a bankruptcy petition, effectively staying all claims for monetary damage against the company itself. The remaining, individual defendants, however, continued their efforts to be dismissed from the suit as well and filed a second motion to dismiss. In that filing, the defendants contended that the plaintiffs lacked standing to prosecute the derivative action described in the complaint because, in the absence of abandonment, only the debtor-in-possession of Mosler's bankruptcy estate (the bankruptcy trustee) can prosecute such a claim. The defendants further argued that the direct claims of breach of fiduciary duty should also be dismissed.

In response, the plaintiffs asserted that they "no longer intend to pursue the direct claims currently alleged in the Amended Complaint. As such, the issues contained in Defendants' Motion to Dismiss Plaintiffs' Amended Complaint with respect to Plaintiffs' direct claims and class action allegations are moot." Furthermore, the plaintiffs did not "dispute that Mosler's filing of a Chapter 11 Petition extinguished their rights to pursue a shareholder derivative action at this time." They requested, however, that the district court stay its ruling on the defendants' motion to dismiss that claim pending a ruling by the bankruptcy court on another motion by the plaintiffs in that forum seeking abandonment by the trustee of the derivative cause of action.

In light of the plaintiffs' assertions in their court filings, the district court dismissed the federal court action in its entirety. Specifically, the court "construe[d] Plaintiffs' statement regarding the direct claim in the amended complaint as an accession to the dismissal of that claim." Moreover, the district judge ruled:

> Plaintiffs' concession that they do not have standing to assert the derivative claim in the amended complaint is essentially an accession to the dismissal of that claim. This Court may not entertain jurisdiction over a claim asserted by a party without standing on the basis of an hypothesis that it may gain subject matter jurisdiction in the course of future events.

From that order of dismissal, as well as from the district court's denial of the motion to remand, the plaintiffs now appeal.

## DISCUSSION

We review a denial of a motion for remand *de novo*. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir. 2002). Thus, in this case, we must examine the complaint to determine whether the claims raised therein are not only preempted by ERISA, but also are so tied to the statutory scheme that federal courts, and only federal courts, must exercise jurisdiction over their resolution.

Generally, a defendant is entitled to remove a cause of action from state court to federal court when the federal district court would "have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). In determining whether an action meets this removal requirement, courts analyze the litigation under the "well-pleaded complaint rule." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Pursuant to that "rule," the federal judiciary recognizes that "the plaintiff is the master of the complaint, that a

No. 01-4254        *Husvar, et al. v. Rapoport, et al.*                              Page 4

federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 398-99.

Consequently, because a *defendant's* argument that a cause of action is preempted by federal law does not appear on the face of a well-pleaded complaint, the doctrine of preemption does not alone necessarily authorize removal to federal court. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.*

The defendants in this case assert that ERISA's overarching preemption provision constitutes an example of just such an intent on the part of Congress to vest federal courts with exclusive jurisdiction over all disputes involving employee benefit and pension plans. In *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995), however, this court unanimously held, in an *en banc* decision, that "[r]emoval and preemption are two distinct concepts." As the court explained:

> Removal is allowed in § 1132(a)(1)(B) type cases under *Metropolitan Life* because of the Court's conclusion that Congress intended federal law to occupy the regulated field of pension contract enforcement. State claims for damages or injunctive relief to enforce a pension plan against an employer or trustee are subject to removal. State causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) . . . because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.
>
> . . . . .
>
> "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted" – for example under § 1144(a) – "does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398 . . . . The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court.

*Id. See also Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) ("the mere availability of a federal preemption defense to a state-law claim does not, in general, confer federal subject-matter jurisdiction").

The plaintiffs purport to invoke federal jurisdiction under ERISA's statutory scheme. Nevertheless, an action can still be removed to federal court, and a subsequent motion for remand be denied, "where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized." *Sable v. Gen. Motors Corp.*, 90 F.3d 171, 174 (6th Cir. 1996) (quoting 1A J. MOORE & B. RINGLE, MOORE'S FEDERAL PRACTICE ¶ 0.160[3.-3] (2d ed. 1987)). In *Smith*, for example, we noted that certain claims to recover ERISA benefits are clearly federal in nature, and stated:

> ERISA is at least as concerned with defining and standardizing the duties of a fiduciary as it is with providing for recovery of benefits. A claim for breach of fiduciary duty against a fiduciary of an ERISA plan necessarily presents a federal question. Thus, [a] state-law fiduciary duty claim is not only preempted but also provides federal subject-matter jurisdiction.

*Smith*, 170 F.3d at 613 (citations omitted).

In this case, however, the complaint being examined does *not* challenge the actions of a plan fiduciary. Instead, the complaint merely questions the propriety of certain business decisions made

No. 01-4254  *Husvar, et al. v. Rapoport, et al.*  Page 5

by the company's board of directors. Although those decisions, without question, affected the value of the company stock that comprised the employees' benefit plan assets, that fact alone does not transform a state-law breach of fiduciary duty claim into a federal ERISA action. As this court concluded in *Grindstaff v. Green*, 133 F.3d 416, 423-24 (6th Cir. 1998), quoting from the Eighth Circuit decision in *Hickman v. Tosco*, 840 F.2d 564, 566 (8th Cir. 1988):

> "ERISA does not prohibit an employer from acting in accordance with his interests as an employer when not administering the plan or investing the assets." In fact, in *Hickman*, the Eighth Circuit specifically observed that "day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits [do not have to] be performed solely in the interest of plan participants." In *Martin v. Feilen*, [965 F.2d 660 (8th Cir. 1992)], the court concluded that *Hickman* applied to ESOPs, noting that "[v]irtually all of an employer's significant business decisions affect the *value* of its stock, and therefore the benefits that ESOP plan participants will ultimately receive." 965 F.2d at 666 (observing that section 1104 only applies to "transactions that involve investing the ESOP's assets or administering the plan.")

A close examination of the plaintiffs' complaint reveals that nowhere in that document do the former employees allege that the defendants themselves mismanaged any fund designated as a pension benefit plan for company workers. Instead, the complaint is replete only with allegations that the individual defendants mismanaged the company so as to result in a dramatic decrease in the value of Mosler stock – a result that, in turn, happened to devalue the ESOP funded with such stock. A claim that company directors did not operate the business itself in conformity with sound business practices does not, however, implicate the protections afforded by ERISA. Absent any indication in the complaint that the plaintiffs intend to challenge the decisions or actions of *plan fiduciaries*, the filing contains no claims arising under federal law. We conclude, therefore, that the district judge erred in denying the plaintiffs' motion to remand this matter to the state court system for resolution.

In view of this conclusion, the plaintiffs' contention that the district court erred in dismissing this action for failure to state a claim upon which relief could be granted is moot.

## CONCLUSION

The mere fact that the plaintiffs' complaint referenced alleged actions undertaken by the defendants that ultimately resulted in a diminution in value of the assets of the plaintiffs' retirement plan does not necessarily vest the federal judiciary with jurisdiction over this matter. Because we hold that the complaint actually raised only state-law issues involving the legitimacy of business decisions made by the defendants, and the record does not establish diversity jurisdiction, we find it necessary to VACATE the order denying the plaintiffs' motion for remand to state court. Because such a remand was proper, the district court then had no jurisdiction to enter an order of dismissal. The judgment is therefore REVERSED and the case is REMANDED to the district court with directions to remand the matter to the state court.